UNITED STATES DISTRICT COURT
WESTERN  DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Robert Jones 06B0162 | **Plaintiff(s)** | ) |
| **vs.** | | ) |
| Gowanda Police Department | | ) |
| | | ) |
| Erie County Holding Center | | ) |
| | | ) |
| | **Defendant(s)** | ) |
| | | ) |
| Erie County Correctional Facility | | ) |

06 CV 0640 A(F)

Civil Case No.:

INMATE
CIVIL RIGHTS
COMPLAINT
PURSUANT TO
42 U.S.C. §§ 1983, 1985,
1981

Plaintiff(s) in the above-captioned action, allege(s) as follows:

## JURISDICTION

1.     This is a civil action seeking judgment, relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States.   This action is brought pursuant to 42 U.S.C. 1983, 1985, 1981   The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201.

## PARTIES

2.   a.   Plaintiff: Robert Jones

          Address: MtMcGregor Correctional Facility
                   P.O.#2071
                   1000 MtMcGregor Road
                   Wilton, New York 12831

     b.   Plaintiff:

          Address:

Additional Plaintiffs may be added to this complaint on a separate sheet of paper.

FORM E (2) (a)

3.   a.   **Defendant:** Gowanda Police Department

        **Official
Position:** Canine and Narcotics Officer

        **Address:**

27 East Main Street

Gowanda,New York

14070

   b.   **Defendant:** Erie County Holding Center

        **Official
Position:** Sheriff Deputies,Facility Doctors and Nursing Staff

        **Address:** 10-40 Deleware Avenue

Buffalo,New York

14202-3999

   c.   **Defendant:** Erie County Correctional Facility

        **Official
Position:** Sheriff Deputies Facility Doctorsand Nursing Staff

        **Address:**

11581 Walden Avenue

Alden,New York

14004

**Additional Defendants may be added on a separate sheet of
paper.**

Form E (2) (a) . 2

4.                    **PLACE OF PRESENT CONFINEMENT**

a.    Is there a prisoner grievance procedure at this facility?

( ) Yes            ( X ) No

b.    If your answer to 4(a) is YES, did you present the facts relating to your complaint in this grievance program?

( ) Yes            ( ) No

i.    If your answer to 4(b) is YES:

(A)  What steps did you take?

_____
_____
_____

(B)  What was the **final** result of your grievance?

_____
_____
_____

ii.   If your answer to 4(b) is NO:

Why did you choose to not present the facts relating to your complaint in the prison's grievance program?

In fear of Retrabution,Retaliation,futher Harassment

Discriminatory Abuse,Removal from county custody to

state custody

c.    If there is no grievance procedure in your institution, did you complain to prison authorities about the facts alleged in your complaint?

( ) Yes            ( X ) No

If your answer to 4(c) is YES:

i.    What steps did you take?

_____
_____
_____

Form E (2) (a) . 3

ii.  What was the **final** result regarding your complaint?

_____

_____

_____

If your answer to 4(c) is NO:

>    Why did you choose to not complain about the facts
>    relating to your complaint in such prison?

Racial Discrimination still Occured, threatsto be

transfered, fear of futher retrabution

_____

5.                    **PREVIOUS LAWSUITS**

a.   Have you ever filed any other lawsuits in any state and
     federal court relating to your imprisonment?

     ( ) Yes          ( X ) No

b.   If your answer to 5(a) is YES you must describe any and
     all lawsuits, currently pending or closed, in the space
     below.

     For **EACH** such lawsuit, provide the following information
     (attach additional sheets as necessary):

     i.   Parties to previous lawsuit:

          Plaintiffs:

          _____

          _____

          Defendants:

          _____

          _____

          _____

          _____

     ii.  Court (if federal court, name District; if other
          court, please specify County:

          _____

                    Form E (2) (a) . 4

iii. Docket number: _____

iv.  Name of Judge to whom case was assigned:

_____

v.   Disposition (dismissed? on appeal? still pending?)

_____

vi.  Approximate date of filing prior lawsuit:

_____

vii. Approximate date of disposition:

_____

6.                          **FACTS**

Set forth the facts of your case which substantiate your claim of violation of your civil and/or Constitutional rights. List the events in the order they happened, naming defendants involved, dates and places.

**Note:**  **Each fact should be stated in a separate paragraph; paragraphs should be numbered sequentially.**

**You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.**

You may use additional sheets as necessary.

1. I was intentionally stalked, arrested because of my race national origin

2. I was assaulted because of the officer's hatred toward native American's

3. I was not giving immediate attention because of officers wanton and deliberate infliction of pain.

4. I was physically assaulted by another inmate while officers looked on because of officers and inmates hatred toward Indian's

5. I was in fear for my life, because of refusal of medical treatment refusal to be protected, because of officers, medical staff and Inmates hatred toward Native American's

Form E (2) (a) . 5

6. I was phyically assaulted by officer Hock during a minor traffic stop and verbally harassed with racial slurr's

7. I was refused emergency medical care by officer Hock.

8. I was refused follow up medical treatment by Doctor and nursing staff at Erie County Holding Center.

9. I was refused emergency aid by medical Staff at Erie County Corr. Facitily, after being assaulted.

10. I was refused emergency dental extraction of tooth that was broken during assault.

11. I was refused energency x-ray's to see if their was internal damage and broken bones.

12. I was denied the oppertunity to plead my innocence because I was placed in keep-lock

13. I was placed in life threatening sitaution because facilty placed myself and keep away in same living quarter's Although they were aware of death threat's

14. I was continually racially descriminated by staff because of non-stop racial slurr's

15. I was prejudiced by officers because I was place in keep-lock for offence's that caucasion's committed, but I was the one punished.

7.

# CAUSES OF ACTION

Note:     You must clearly state each cause of action you are asserting in this lawsuit.

## FIRST CAUSE OF ACTION

Gowanda Police Department,Conspiracy,Assault and Battery,Failure to provide immediate medical care,Deliberately and Intentionally stalked beat and arrested.Intentionally selected in whole or in part,because of race,color,national origion,ancestry,gender,religion,religious practice,age disability,or sexual orientation,Violation ofEqual Protection Clause,Violation of Due Process Clause,Violation of the Eight,Forth,Eleventh,Fourteenth Amendments of the Constitution and 42 USC Sect 1983,1985,1981

## SECOND CAUSE OF ACTION

Erie County Correctional Facility,Conspiracy,Racial Discrimination, Deliberate Indifference to medical needs, Failure to protect from assault by another inmate,Wanton of iffliction of physical and mental pain, Failure to provide adequate medical care,Intentionally selected in whole or in part,because of race,color,ancestry,gender,religion, religious practice,age,disability,or sexual orientation,Violation of Equal Protection Clause,Violation of Due Process Clause,Violation of the Forth,Eight,Eleventh,Fourteenth Amendments of the Constitution and 42 USC Sect 1983,1985,1981

## THIRD CAUSE OF ACTION

Erie County Holding Center,Conspiracy,Failure to provide adequate medical Deliberate Indifference to Serious medical need,Violation of the Eight Amendment and 42 USC 1983

Form E (2) (a) . 7

8.   Plaintiff(s) demand(s) a trial by
     (Jury)  -or-   Court
     (Circle only one).

9.   PRAYER FOR RELIEF

          WHEREFORE, plaintiff(s) request(s) that this Court grant
the following relief:

     Declaratory that Defendant's have acted in violation
     of the United States Constitution.

     Injuctive, compelling Defendant's to provide proper
     training, screen employee's on proper conduct, check
     background for disciminatory acts.

     Punitive damages of amount to be determined by court

     Compensatory, an amount of $4,500,000.00

     Actual, an amount of $500,000.00

     Award such other and further relief as the court may
     deem appropriate

     I declare under penalty of perjury that the foregoing is true
and correct.

     DATED: 9-18-06


                              Robert Jones   06B0162

                              _Robert Jones_
                              Signature of Plaintiff(s)
                              (all Plaintiffs must sign)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

Robert Jones,
        Plaintiff,

      v,

Gowanda Police Department,
Patrolman David Hock,
Erie County Holding Center,
Center Physician, Dr. John Doe,
and Nurse, Jane Doe,
Erie County Correctional Facility,
Deputy Sheriff Voit, Deputy Sherriff
King, Deputy Sherriff Swytek, Deputy
Sherriff Barron, Erie County Correctional
Facility Nursing Staff, Nurses John & Jane Doe,
        Defendants,

Proposed Claim,
Conspiricy, Racial Discrimin-
ation, failure to provide Ad-
equate medical care, failure
to protect from Assault, Vio-
lation of Due Process Clause,
Violation of Equal Protection
Clause.

Civil Action
No.

## Complaint

Plaintiff Robert Jones, pro se for his complaint against de-
fendants Gowanda Police Department, Patrolman David Hock, Erie
County Holding Center, Center Physician Dr. John Doe, Nursing Staff
Jane Doe, Erie County Correctional Facility, Deputy Sherriff Voit,
Deputy Sherriff King, Deputy Sherriff Swytek, Deputy Sherriff Bar-
ron, Erie County Correctional Facility Nursing Staff, Nurses Jane
Doe & Roe individually and in their official capacities, alleges
as follows:

This claim arises from the acts and omissions of the def-
endants.  Details of said acts or omissions are as follows:  Defen-
dants did intentionally select in whole or in part, because of
claimants race, color, national origin, ancestry, gender, re-
ligion, religious practice, age, disability or sexual orientation.

This claim arises from the acts and omissions of the defendants. Details of said acts or omissions are as follows: Defendants did violate constitutional rights of the Equal Protection Clause, Violation of the Due Process Clause, Failure to Protect from Assault by another inmate, Failure to provide adequate medical care, Assault and battery by a Police officer.

This is a action seeking Compensatory, Punitive, Injunctive and Declaratory relief and or damages to defend and protect the rights gauranteed by the Constitution Of the United States. Because Claimant was deliberately and Intentionally treated differantly because of his Race, Color, National Origin, Ancestry, gender, religion, religious practices, age, disability or sexual orientation.

## Jurisdiction

1. This Court has jurisdiction over this action under 28 U. S. C. §§ 1331 and 1343 (3) and (4). The matters in controversy arise under 42 U. S. C. §§§ 1983, 1985 and 1981 and the Fourth, Eithth, Eleventh and Fourteenth Amendments to the United States Constitution, under Statutory State Law of the State of New York.

## Venue

2. Venue properly lies in this District pursuant to 28 U. S. C. § 1391 (b) (2), because the events giving rise to this cause of action occured at Cattaraugus Indian Reservation, Cattaraugus, New York, Gowanda Police Department, Gowanda, New York, Erie County Holding Center, Buffalo, New York, Erie County Correctional Facility, Alden, New York, which is located within the Western District of State.

## Parties

3.    Claimant Robert Jones was at all relevant times a Native American Indian of the Six Nations, Iroquois Confederacy, Onondaga tribe of the State of New York and was at all relevant times a resident of the Cattaraugus Indian Reservation, Cattaraugus, New York and of full age.

4.    Claimant was at all times relevant hereto, an inmate at the Erie County Holding Center, Buffalo, New York, Erie County Correctional Facility, Alden, New York,  at all times relevant hereto, Claimant is currently incarcerated at Mt. McGregor Correctional Facilty, Wilton, New York.

5.    Defendant Officer David Hock and Officer unknown was at all relevant times herein Police Officers of the Village of Gowanda.  Who at the time of the events described below was serving as an Police Patrol and Canine Narcotics Officer at the Gowanda Police Department.

6.    Defendant Gowanda Police Department, Village of Gowanda is and was at all relevant times herein a municipal corporation of the State of New York.

7.    Defendant Erie County Holding Center, Dr. Doe and Nurse Roe was and is employed as medical Staff at Erie County Holding Center to provide medical services at Erie County Holding Center.

8.    Defendant Erie County Holding Center, Buffalo, New York is and was at all relevant times herein a municipal corporation of the State of New York.

9. Defendants Erie County Sherriff Deputies of the Erie County Correctional Facility were at all relevant times herein employed as Sherriff Deputies of the Erie County Correctional Facility, Aldin, New York, who at the time of the events described below were serving as prison guards at the Erie County Correctional Facility.

10. Defendants Dr. Doe and Nurses Roe are employed as medical staff at Erie County Correctional Facility to provide medical services at Erie County Correctional Facility.

11. Defendant Erie County Correctional Facility, Alden,New York is and was at all relevant times herein a municipal corporation of the State of New York.

12. Defendant Officers, Physicians, Doctors, Nurses, and Deputies were at all times relevant to this complaint duly appointed and acting officers of the Gowanda Police Department, Erie County Sherriff's Department, acting under color of law, to wit under color of the statutes, ordinances, regulations, policies, customs and usage of the State of New York and/or the Village of Gowanda, City of Buffalo and/or the Town of Alden.

13. The Village of Gowanda, City of Buffalo, Town of Alden are municipal corporations and public employers of the said officers, doctors and nurses.

### FACTS

14. On or about 2/16/05, Plaintiff was traveling a road one eighth of a mile from the Cattaraugus Indian Reservation, This road is known to be traveled at this particular time of night by Indians going to and from work. This particular time of night is also when bars close.

15.   Plaintiff had previously sustained head injuries and believed that he was driving to the Tri County Hospital in the Village of Gowanda.

16.   It is believed by plaintiff that he was being stalked by defendant Officer Hock because it is known to Police that Native Americans pass the location of his vehical at that particular hour.

17.   Defendant States that he estimated plaintiff's vehicle traveling at fifty miles an hour at over a quarter of a mile just by guessing and without the use of radar.

18.   It is believed that plaintiff was intentionally selected because of officer's hatred for Indians, hatred for Indians who drink, hatred for Indians traveling the road at two thirty in the morning, preying on them in hopes of a chance to entrap or otherwise compromise them.

19.   On or about 2/16/05 at A.M. because of head injury and associated delerium, plaintiff mistakes Iroquois Gas Station for Tri County Hospital. While attempting to exit vehicle Defendant Hock shouted to plaintiff, get back into his vehicle with his hand on his weapon.

20.   Plainfiff complied with the command. Defendant proceeded with routing stop questions, requesting driver's lisence and registration.

21.   Because of head injury plaintiff did not respond quickly enough for defendant officer, defendant officer stated, "what's wrong with you?".

22.   In response plaintiff handed defendant his medicaid card thinking that he is at Tri County Hospital, plaintiff points and states that, "that's the hospital right there".

23.  Defendant officer returned to police cruiser to verify identification information as plaintiff waited in vehicle.

24.  Upon verification, defendant ordered plaintiff out of the vehicle to perform the basic five field sobriety tests.

25.  Plaintiff complied with this order, as plaintiff began to walk toward the back of vehicle, plaintiff's leg colapsed because of a hyper-extended knee injury that occured prior to this incident.

26.  As plaintiff began to fall defendant officer grabbed plaintiff by the arm, pulled, twisted and shoved plaintiff into corner window devider of vehicle.

27.  By the use of this excessive force the plaintiff sustained four broken ribs upon the already severe pain of the head concussion and hyper-extended knee injury.

28.  On or about 2/16/05 as defendant was holding plaintiff against vehicle with his full body weight against plaintiff, Defendant states to plaintiff, "Don't try anything, you're not going to get away and run to the Reservation". At this point plaintiff believes that he is intentionally held against his will, because plaintiff because plaintiff states to defendant, "that he needs to go to the hospital". Defendant does not acknowledge plaintiff's request and continues to perform field soriety tests.

29.  Furthermore, it is believed that defendant deliberately and intentionally shoved plaintiff into vehicle to inflict more injury upon plaintiff because of his racial hatred and performed deliberate indifference to plaintiff,s medical needs because his actual intentions were not to take plaintiff to the hospital or call for an ambulance, also exhibited reckless disregard to cut on left temple and swelling of face of plaintiff. Defendant fail-

ed to respond responsibly to subtantial risk of further injury.

30.  On or about 2/16/05 plaintiff did not physically resist
or assault the defendant in anyway, shape or form.  The force used
against plaintiff was unnecessary, unreasonable and excessive be-
cause of defendant's behavior toward this Native American.  It is
believed defendant has recklessly endangered plaintiff's physical
and mental well being, making the condition of plaintiff worse
than prior to the stop.

31.  On or about 2/16/05 plaintiff informed defendant that
he could never perform the field sobriety test because of a severe
head concussion sustained in a construction accident along with
the present leg injury.  Defendant ignored plaintiff's comment and
proceeds with sobriety test.  At this point it is alleged that de-
fendant again turned his code of proffessional responsibility and
Police training into police misconduct by deliberately showing his
racial hatred by continuing with field sobriety test despite pain
and suffering of plaintiff.

32.  On or about 2/16/05 upon administering the first field
sobriety test in a derogatory wasy defendant states, "I'll make
this the easiest one I can give you, the alphabet test".  Because
of severe pain and head injury plaintiff is in a state of confussion
and hesitates to start.

33. Defendant states, "What's the matter with you, are you just another "dumb" Indian"? Defendant states, "You failed, I'll give you another easy one", the finger count test. Although plaintiff had correctly performed the test, Defendant requested plaintiff to repeat test numerous times as if it's a joke. Defendant states, o.k., enough, you failed. This misconduct of wanton indignity continues for the next test with the same harassment and same result.

34. On or about 2/16/05 Defendant's back up arrives. New York State Police Troopers. This fact shows that Defendant being out of his jurisdiction that the proper procedure is to notify tribal marshalls before any Village Police Officer can detain a tribal member on Indian County without a warrant or assistance of tribal marshalls whether it is a criminal or civil offence. At this exact moment defendant discontinues field sobriety test. Without giving Miranda rights, Defendant states to plaintiff, "you're under arrest", places plaintiff into Police Cruiser and leaves to talk to State Troopers. At this point it is alleged that defendant did not finish field sobriety test because (a) defendant injured plaintiff so severely that he could not run if he wanted to, (b) in the presence of State Troopers, defendant could not continue in his venture of racial slurs, prejudicial manner or Police misconduct, (c) absent the presence of tribal marshalls.

35. On or about 2/16/05 plaintiff was taken into custody and transported to the Gowanda Police Headquarters for processing, at approximately 3;00 A.M.. While in custody at Gowanda Police Department, plaintiff was not offered medical assistance or asked how the injuries occurred.

36. On or about 2/16/05 at approximately 3:00 A.M., palintiff was asked if he would like to make a phone callso that a relative could provide transportation to plaintiff's home.

37. Plaintiff replied that his relatives lived one block away from the Police station and that plaintiff could walk there. As a result, no other phone call was offered.

38. Plaintiff asked defendant Hock what was going to happen after the booking process.

39. Defendant states that because plaintiff was being cooperative that he would be cited appearance tickets and be released.

40. On or about 2/16/05, at approsimately 3:00 A.M., Defendant Hock stated to plaintiff that if he refused to submitt to a breathalizer test that plaintiff would be taken to jail.

41.  Plaintiff remained silent at this point because he had not been given Miranda warnings, and that he had the right to do so, and exercized this right prior to defendant making that comment.

42.  Plaintiff asked defendant, "Why is this taking so long?".  Defendant states, "It's none of your f ing business, just sit there and shut up".

43.  On or about 2/16/05 at approximately 3:45 A.M., Defendant asked palintiff again if he would submit to the breathalizer test.  Defendant states, "It doesn't matter to me, you're going to loose your license for a year anyway".

44.  Still under the assumption that plaintiff would be cited tickets and be released, plaintiff agrees to take the test.  Upon the findings of the breathalizer results, Defendant states, "Now you're going to jail".

45.  On or about 2/16/05 at approximately 4:00 A.M., Defendant John Doe enters the Police Station, plaintiff overhears partial conversation of Officer Defendant Officer John Doe states, "What do you have plaintiff here for?".

46.  Defendant Hock states, "He's just another Indian, drunk driving".

47.  Defendant officer John Doe states, "What are you going to do with him?".

48.  Defendant Hock states, "I'm sick of this Indian's shit, I'm going to have him transported to Erie County holding.

49.  On or about 2/16/05 at approximately 6:00 A.M., Defendant Hock produces plaintiff's prescription medication that had been confiscated three hours prior during body search of plaintiff.

50.  Defendant Hock asked plaintiff, "Where did these pills come from? Now, I've got to do all thjis f-ing paper work all over, It's because of your stupidity that it's taking go long".

51) On or about 2-16-05 Approximtely 7:00AM Erie County Sherriff's
arrived to transport plaintiff to Erie County Holding Center

52) At all times during the event described above, the defendant
offivers assisted each other in performing the various action's
described and lent their physical presence and support and the
and the authority of thier office to each other during the said
event's in a racial discriminatory manner.

53) On or about 2-18-05 At Erie County Holding Center plaintiff was
called out for medical evaluation for classification, During t-
he medical examination plaintiff informed Dr. Doe about his ch-
est and leg injury.

54) Plaintiff informed Dr Doe that he was having a problem walking
and  a hard time breathing and sleeping because of possible br-
oken ribs.

55) Plaintiff requested that x-ray's be taking to see if their was
any broken bones or enternal damages.

56) Defendant De. Doe refused to act upon this request.

57) Plaintiff informed Defendant Doe that he was in severe pain be-
cause of theleg injury, and stated that his family Doctor had -
prescribed Darocet for the pain and requested the same.

58) Defendant Doe stated that he would prescribe something for the-
pain, Defendant Doe order tylenol twice a day and bed rest.

59) Defendant Doe ask how plaintiff injured his rib's

60) Plaintiff stated that he was thrown into his vehicle in a un-
provoked assualt by Defendant office Hock. It's belived that
Dr Doe documented this statement, while Doe looked at nurse
he said oh!oh! the plaintiff said that he was assaulted by a
Gowanda police officer. For the remainder of detention at Erie
Count Holding Cente plainfiff only recieved tylenal and no fol-
low-up care for his condition.

61) On or about 05 plaintiff was assigned to and resided in Bunk 31,
unit Lima, at Erie County Correctional Facility.

62) Upon arrival plaintiff told medical staff that he had severe -
chest pain, Leg injury, possible broken ribs, difficulty breat-
hing and walking.

63) Defendant Nurse Roe stated, If you not coughing up blood or go-
ing into seizer's  there's nothing we can do for you." Defendant
Roe administer's two tylenol for pain. Motive is Racial Hatred-
for Native American's.

64) Plaintiff request stronger pain medication and x-ray's for the
month of repeated request plaintiff is taken to Erie County Me-
dical Center for x-ray's.

65) Plaintiff requested to know the results to see why there was st-
ill so much pain

66) Defendant Dr. Doe States a week later that his ribs were showing
sign's of healing. As a result of this conversation Dr,Doe pers-
cribes tylenol and not to lay on his side.

67) On or About 05 Within an hour of the arrival of cellmate Washing-
ton, plaintiff was verbally threstened by Washington. Washington
stated, " I don't like Indian's, give me some food, if you don't
then were going to have a problem.

2

68) Plaintiff stated todefendan'ts Officer's John and Ron he had been verbally threatented and requested that Washington be moved becau- se plaintiff was in fear of his presonal health and safety due to the serious allegation made by Washington and believed that it wo- uld excalate into physical violence.

69) Defendant Officer John state's There's nothing we can do unless he touches you.

70) On or about 05 Plaintiff had a verbal argument with Washington Pl- aintiff avoids the situation of the corner sleeping area and moves to the open dorm. Washington follow's wanting physical confrontat- ion. Washington get's six inches in front of plaintiff face, yell- ing and pointing his finger until he poked plaintiff in the eye. plaintiff continues to seek safety and moves out of harms way. Washington motive was racial hatred and hatred for American Indian.

71) Defendants response, their is no response,plaintiff look's for aid from deputies John and Ron, Deputies John and Ron are forty feet away sitting down behind their desk.

72) Defendant response to plaintiff's eye injury and being assaulted - by Washington, they refused to act upon it, nor did they make any- verbal reprimand, and did not acknowledge that the situation could have turned out much worse. Shortly thier after plaintiff again - requested that Washington be transfered because plaintiff was st- ill having serious problems living with Washington.

73) Defendant Deputy John refused to move Washington. Defendant again stated, Don't worry now were watching him and that if any thing - does happen, then that will give us reason to move him, because - the Officers of the unit want him out of unit as well.

74) On or about 05 Defendant Voit walked up behind Washington and
plaintiff only sat dowm to listen to an argument between the two. When Washington realized that Deputy Voit was behind him,
Washington states to Voit, Why don't you move this indain, he
stink's?

75) Defendant Voit states,"What do you want me to do bail you out,
again their are sixty other men in here that don't like the -
way you smell. Why don't you move?, Then Voit walked away not
moving either one of us.

76) Plaintiff requested to defendants John and Ron to transfer Wa
shington while in the presents of Washington. Washington states,
yeah, why don't you move me downtown to the bar's?

77) Defendant Deputy King States," were not going to move anybody
because it's to much paper work!

78) On or about 05. Plaintiff was assaulted with out provocation. -
Washington struck plaintiff nimerous times while clinching a lo
cker key in his fist. During this assault plaintiff sustained -
multiple injuries including a cracked collar bone,nerve damage
to left shoulder, broken tooth, two inch laceration to his head
and ear, head concussion, the laceration requires stitches but-
none were giving because it required plaintiff to be transported
to hospital. plaintiff also recieved facial bruises and mental -
trauma.

79) Immediatly following this assault plaintiff was treated at the -
facility medical unit, then placed in the isolation unit for the
night, then moved to a keep-lock unit for twenty days pending in
vestigation.

4

80) Plaintiff endured the severe pain through-out the next week and month's that followed.

81) Dispite the severity of his injuries and intence pain that plaintiff was in, only tylenal was giving twice a day for pain relief. Although plaintiff's pain was not alleviated, no stronger pain - killer was adkinistered because of said facility policy.

82) Notwithstanding the opinion of other medical personell that plaintiff required futher treatment. Defendant Dr.Doe refused to arrange a hospital visit or administer any stronger pain relief. Dispite plaintiff's repeated request. Defendant Dr. Doe refused to arrange for follow-up care for his injuries. The only further action any-member of the medical staff advised with respect to plaintiff's - injuries was Defendant Nurse Jane Doe. When Defendant Nurse Jane-Doe stated with sarcasm, Don't get into fight's to avoid future - pain, Don't sleep on your shoulder and keep it immobleized.

83) Plaintiff had multiple injuries compounded with his broken ribs - Leg injury plus cut's and bruises.

84) Plaintiff was unable to move his left arm and complained that the-ir was tingling in his arm down to his fingers.

85) Plaintiff again requested to go to the hoapital to have x-rays - taking, get sling for immoblilization for is arm and shoulder. - Defendant Dr. Doe only prescribed tylenal.

86) On or about 05 several week's later, plaintiff was taken to get-x-rays. Only to find that the bones could not be set because they had already started to heal. The attending radioligist told plaintiff that their wasplssible nerve damages and that plaintiff should should see a specialist. Following plaintiff's visit to the emerge-ncy room at Erie County Medical Center, plaintiff continued to suf-fer from migrain headaches, tooth aches, chest and shoulder pain -

5

dizziness and general pain as a result of the assault and untreated pain by the medical staff.

87) On or about 05 After the assault plaintiff requested dental care for his broken tooth.

88) Defendant Nirse Jane Doe stated that unless your tooth is abcessed or an emergency extraction thier is nothing that we can do. because caucasion detainess that were not state ready were getting their - teeth fixed. It is believed that Norse Jane Coe intentionally denie- d plaintiff dental care because of her racial gatred and hatred for American Indians.

89) Plaintiff then requested an emergency tooth extraction, for his bro- ken tooth. Approximately one month later plaintiff was examined by - facility physian not the dentist.

90) Defendant Dr.Doe state, yes, your tooth is broken, because your nat st ate ready detainee we cannot perscribe medication unless it's infec- ted. Dr. States, I cannot give you any pain medication, just keep it clean.

91) Plaintiff requested dental hygien items from Dr. Doe because he was an indigent detainee. Plaintiff addes that all he wanted was some - salt to clean his tooth with, and the facilty policy is that no de- tainee's are allowed salt unless they work in the kitchen.

92) Defendant Nurse.Doe States, Suffer with the rest of them, If you do- n't like it stay out of jail, The County id broke, the facility don't - provide that kind of care, All personal hygien items can be purcha- sed thru commissary. Only if your state ready can we provide you - with care and the those items. Dr. Doe again perscribes Tylenol.

93) On or about 05 After released from isolation, Plaintiff was placed in keep-lock unit Charley directly beside ex cellmate Washington, - during the intire time while in keep-lock plaintiff was constantly

verbally harrassed by Washington. Within hearing range of deputies Barron and Deputy Johe Doe.

94) Washington would state I'm going to kill you, I'm going to get you the cop's don't care, I'll beat the f---right out od you just like I did before right in front of them and they won't do a damn thing.

95) Defendant's Barron and Doe told WAshington to keep his mouth shut, But to no avail, Washington continued his threats through the vent system

96) On or about 05 Plaintiff and Washington had the same Court date, - When Defendant Roe realized that plaintiff and Washington were keep aways, Defendant Roe showed a wanting to a physical confrontation between the two because, Plaintiff and Washington were uncuffed and to be in - each other's present's for the next serveral hours.

97) Defendant Roe look's at plaintiff then looks at Washington and states. Oh, you two are keep-away's then leaves.

98) As a direct and proximate result of the said act's of the defendant Officer, - Sherriff Deputies, Doctor's, Physician's and Nurse's the plaintiff Robert Jones suffered the folloving injuries and damages.

A). Violation of his constitutional rights under Forth, Eight, Forteenth, Eleventh Amendment's to the United States Constitution to be free from Intentional Selection, Deliberate Indifference because of Race, Color, National Origin, Ancestry, Gender, Religion, Religion practice, Age, Disability or-Sexual Orientation.

B). Physical pain and suffering, Emotional trauma and suffering requiring addition medical treatment.

C). Loss of Physical liberty

The actions of the defendant Officers, Physicians, Nurses, Violated the following clearly established and well settled federal constitutional rights

7

of plaintiff.

A). Freedom from Intentional Selection based upon Race

B). Freedom from the use of exeessive, unreasonable and unjustified force - against his person.

C). Freedom from Deliberate Indefference to serious medical need's

D). Freedom from right of Due Process.

E). Freedom from Physical liberty.

F). Freedom from assault by another Inmate.

Count 1,- 42 USC §§§ 1983, 1985, and 1981 Against Individual Defendants

99). Paragraphs 1 through 98 are incorporated herein by reference as though fully set forth.

100). Plaintiff Robert Jones claims damages for Compensatory, Punitive, Injunctive and Declaratory relief and/or damages for the injuries set forth above under 42 USC §§§ 1983,1985, and 1981, and the Forth,Eight, Eleventh and Forteenth-Amendments against defendant Police Officers, Sherriff Deputies,Doctor,Physicians,Nurses for violation of his constitional rights under color of law. -

Count 2,- Assault and Battery against Individual Defendants Gowanda Police Department.

101). Paragraphs 1 through 98 are incorproated herein by reference as though fully set forth.

102). Defendant Officer David Hock and Defendant Officer John Doe assaulted and Battered Robert Jones.

103). The eight Amendments prohibition on the unnecessary and wanton infliction of pain encompasses both physical and mental pain.

104). The evidence demonstrates that there was intent to cause harm,was no need for force,provoked no attack, was not violent,did not refuse to follow officers - instructions.

8

105). The attack fueled by offivers personel feelings of racial hatred, hatred
for the very purpose of causin harm and was deliberately indifferent to my-
plight.

106). As a result of this assault and battery, plaintiff suffered physical and
emotional damages as afore said. A violation of Eight Amendment and 42 USC-
1983.

Count 3,- Breach of Duty to Protect and Serve.

107). Paragraphs  1 through 98 are incorporated herein by reference as though-
fully set forth.

108). Defendant David Hock and other officers including medical staff conspired
to exericize intentional and deliberate indifference to plaintiff health-
and safty by failing to protect and provide medical attention to injuries

109). Defendant Hock exercized Intentional and Deliberate Indifference to plain
tiff serious medical need by failing to provide emergency medical treatme-
nt or techicain, and proceeding with field soberiety test.

110). Defendant Hock exercized Intentional Selection of plaintiff for the motive
of his racial hatred and hatred for American Indain's by inflicking more -
pain to injuries, and wanting of physical and mental harm, a deliberate, A
deliberate indifference to plaintiffs civil,and constitutional right.

111). As a result of this Intentional Deliberate Indifference and Intentional S-
election, Breach of Duty to protect and serve, plaintiff suffered damages
as afore said. A violation of his Eight and Forteenth Amendments. and 42 -
USC §1983,

Count 4,- Breach of Duty to Protect from assault by another inmate against In-
dividual Defendants.

112). Defendant Erie County Sherriff Deputies Voil, King, Swyteck, Lazaren exer-
cized deliberate indifference to plaintiffs health and safety by failing to
protent him from an inmate attack even though they had been informed of a -
threat to plaintiffs helth and safety.

9

113). Defendants Voit, King, Swyteck, and Lazeren recieved repeated request from
both plaintiff and his cellmate Qashington for a cell transfer due to con
flict between the two and refused to act upon them.

114). Defendants Voit, King, Swyteck and Lazeren's deliberate indifference to pl-
aintiff health and safety was futher demonstrated when plaintiff and cell-
mate were placed in the same keep-lock unit and into open population unit

115). Defendant Sergenant McFarlaine exercixed deliberate indifference to plain-
tiff health and safety by refusing, for no reason, to authorize a cell tr-
anfer of either plaintiff or Washington to an available cell, when he knew
that there were serr.ious conflick between plaintiff and Washington and th-
at plaintiffs health and safety were at risk.

116). Defendant Deputy Sherriff Swyteck and Deputy Sherriff Lazeren exercized de-
liberate indifference to plaintiffs health and safety by failing immediately
to protect plaintiff from an attack by his cellmate as soon as they knew it
was occurring. Instead, these defendants merely acknowledged to plaintiff -
that they saw the attact and, dispite seeing that, the defendants failed to
stop the attack immediately.

117). As a result of the deliberate indifference exercixed by the aforementioned-
defendants, plaintiff suffered serious harm at the hands of the cellmate.

118). Plaintiff sus tained multiple physical injuries, including a cracked collar
bone, broken tooth, cut to his ear and head, bruises upon his face, as well
as migran headaches and dizziness. plaintiff also suffered extreme emotional
distress from the incident. Violation of the 4th Amendment and 42 USC 1983.
(E.C.H.C.).

Count 5,- Failure to Administer Adequate Medical Remedy against Individual de-
fendants.

119). Plaintiff realleges and incorporates by reference his allegations in paragr-
aphs 1 through 98 as if fully restated herein.

120). Defendant Dr.Doe exercized deliberate indifference to plaintiffs condition by failing to provide adequate medical cade to him, following the assualt- by defendant Officer Hock.

121). Defendant Dr. Doe intentionall did not administer medical treatment for bro ken ribs and refused to fullfill any of plaintiffs request for x-rays or fo- llow up care. instead, defendant Dr. Doe mocked plaintiff by stating,"suffer with the rest of them."

122). As a result of Dr.Doe's deliberate indifference to plaintiffs condition, pl- aintiff suffered futher chest pain and mental anguish. he continued to suff- er from head trama and general pain through his chest and Dr.Doe refused to provide adequate pain medication for plaintiff. in addition, plaintiff was un able to walk, Breath, Sleep, properly because of Dr.Doe's intentional refusal to administer adequate medical care. A Violation of the 8th Amend §42 USC §- 1983 E.C.C.F.

Count 6,- Failure to Administe Adequate Medical Care  agianst Individual Defend- ant's

123). Plaintiff realleges and incorproates by reference his allegations in paragra- phs 1 through 98 as if fully restated herein.

124). Defendant Dr. Doe exercized deliberate indifference to plaintiff's condition by failing to provide adequate medical care to him as a pre trial detainee.

125) Defendant Dr.Doe Intentionally did not adminsiter medical treatment for broken ribs and refused to fulfill any of plaintiffs request for x-rays or follow-up care. Instead defendant Dr, Doe mocked plaintiff by stating, if your not cou- ghing up blood or going into convulsion's there's nothing we can do for you.

126). As a result of Dr.Doe and nurse Doe's deliberate indifferance to plaintiff condition, plaintiff suffered futher migrane headaches and mental anguish, He continued to suffer from tooth aches and general pain through his chest shoulder and arm,and Dr. Doe refused to provide adequate pain medication - for plaintiff. In addition,plaintiff was unable to eat properly to present day, because of De.Doe's intentional refusal to administe medical and dental care.-Violation of the 8th Amendment and 42 USC §1983.

Count 7,- 42 USC §§§ 1983,1985 and 1981, and Forth,Eight,Eleventh and-Forteenth Amendment's against municipals Village of Gowanda, City of -Buffalo, Town of Alden.

127). Paragraphs 1 through **98** are incorporated terein by reference as through-fully set forth.

128). Prior to February 16, 2005 the Village of Gowanda, City of Buffalo town of Alden developed and maintained policies or customs exhibiting deliberate indifference to the constotutuonal rights of persons of Native American decent which caused the violations of plaintiffs rights.

129). It was the policy and/or custom of the Village of Gowanda,City of Buffalo, - Town of Alden, to inadaquatly and inproperly investigate citizen complaints of Municipal,Sherriff Duputy Officers, Physician, and Nurses misconduct, and acts of misconduct were instead tolerated by the Village of Gowanda,City of-Buffalo, Town of Alden, including but not limited to the following incidents

130). It was the policy and/or custom of the Village of Gowanda, Police Department City of Buffalo,Erie County Holding Center, Town of Alden, Erie County Corrtion Facility to inadaquatly Supervise ans train it's Patrol Officer's She-rriffs Duputy's, Physicians and Nurses, thereby failing to adaquatly disco-urage further constitutional Violations on the part of its Police Officer's Sherriff Deputies, facility Physician's,Nurses and other medical staff. The Village City and town did not require appropriate inservice training or ret-raining-

12

of Officers who were known to have engaged in Police Misconduct and insufficient, inadequate medical care.

131). As a result of the above described policies and customs, Police Officer,Sherriff Deputies, Physician, Nurses and other medical staff of the Village of Gowanda, City of Buffalo, Town of Alden, including the defendant Police Officers, Sherriff Deputies,Physicians,Nurses and other medical staff believed that their action would not be properly monitored by Supervisory Officers, - but would be tolerated.

132). The above described policies and customs demonstrate an Intentional Selection of the individual because of their race color national origin, ansestry,- gender, religion, religion practice, age,disability or sexual orientation. - and a deliberate indifference on the part of the policy makers of the Village of Gowanda, City of Buffalo and Town of Alden to the constitutional rights of the person's within the Village, City and Town, and were the cause of the violations of the Forth, Eighth, Eleventh and Fourteenth Amendments, and 42- USC §§§ 1983,1985 and 1981 of the plaintiff constitutional rights.

Count 8,- Retaliatory Treatment for Intention to file Greivance and 1983- Claim

133). Plaintiff realleges and incorporates by reference his allegations in paragraphs 1 through 98 as fully restated herein.

134). Almost immediatly after plaintiff informed Defendant Doe and Roe that plaintiff's intention's were tofile a law-suit plaintiff was repeatedly harassed and caused harm to plaintiff in retaliation for the threat of a law-suit.

135). Plaintiff was placed into a isolation cell by defendant Doe even though he - had no reason to do so.

136). Plaintiff was then placed in a keep-lock cell and was told that he could prove his innocence thier. Defendant's knowing that their is no access to the law labrary while in keep-lock.

13

137). Defendant Sergeant McFarelain ask plaintiff if he had a statement to give about the incident with Washington, at the disciplinary hearing.

138). Plaintiff provided hearing officer with all his note's prior, during and after the incident to prove his innocence.

139). Defendant McFarelain returned his verdict of guilty on all charges and refused to give plaintiff all writtien testimony of the event's leading to the - hearing.

140). Plaintiff made numereous written request for the return of document's for A- ppeal of decission and futher legal action. Defendant McFarelain never responded.

141). Plaintiff was at Court with Attorney Micheal Rooth and stated why are you refusing my mail, Plaintiff states to Attorney that he would never rejuse mail of any sort. Post mark of mail was matched to the period while plaintiff was in the leep-lock unit.

142). After plaintiff was released frim the keep-lock unit plaintiff suffered retaliation by defendant's Nurse Jane Doe. Sergeant McFarelain, Deputy Barron,- Deputy King, Deputy Voit. For allegation's of filing a law suit.

143). Plaintiff made request to sick-call for stronger pain reliever tylenol for his arthiritis.

144). Plaintiff was called from the kitchen unit were he worked to be asked why he needed stronger pain medication, plaintiff explains, then Defendant Nurse Jane Doe interupt's and state. "If your in that much pain you don't need to be working. "Nurse orders not Doctor, No work, No Rec, plaintiff is dismissed with no medication, Plaintiff is transfered within the hour back to lima unit.

145). On or about 05 Plaintiff was assigned to bunk thrity three in kilo unit, also at this time facility assigned keep-away Washington to kilo unit bunk twenty - eight in an open dorm.

146). At this time Plaintiff stated to Defendant Deputy Woodard, "Now I Know that the facility is trying to kill me"

147). Defendant Woodard state, " Jones, that's your keep-away? Don't worry, I'll keep an eye on him, if he makes one wrong move I'll get rid of him, personally right away"

148). On or about  05 Lima on Lima unit,Plaintiff requested a shaving razor from defendant King at eight forty five A.M. Defendant King replied that it was to late  to get a razor.

149). Plaintiff tried to explain that it was not nine o'clock and that it would only take one ninute to shave, and that thier were other detainee's that want to shave.

150). Defendane King replied, "Don't be standing up here grand standing, go back to your bunk and stay on it for the rest of the day.

151). On another occassion Plaintiff used a mattress from a empty bunk next to his bunk, Plaintiff removed mattress while Defendant King, Voit and Sergeant Doe were visually watching.

152). Later  on when a detainee arrived and requested a mattress.

153). Without telling detainee where the mattress was Defendant Voit began his own search , Defendant Voit lifted up Plaintiff cover's seen the mattress and moved on while plaintiff was standing beside his bunk

154). After defendant Voit left Plaintiff gave the mattress to detainee explaining that every one does it when the bunks are empty.

155). Defendant Voit did not see it that way, In showing his motive of racial hatred and hatred for American Indian's Kefendant Voit went right over to repramand plaintiff stating so you knew that the mattress was thier the whole time.

156). Plaintiff explained that the sergeant and both deputies were watching when plaintiff used the mattress from the empty bunk.

157).Defendant Voit immidiately filed a disciplinary conduct report and sent plaintiff to a keep-lock cell for fifteen days.

158) After release frim a keep-lock cell plaintiff was to remain on the keep-lock unit where he was futher discriminated,harassed Intentionally selected for his race -